## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BOUTIQUE STOGIES LLC,

      Plaintiff,

v.

HIGHBURY MOZAMBIQUE LDA,
KAMAL MOUKHEIBER,
NOSAKHERE KAMAU, MALI
VENTURE PARTNERS LLC, DAVID
BLANCO, and LOS BLANCO CIGAR
COMPANY INC.,

      Defendants.

Case No.

Hon.

---

Michael C. Decker (P75374)
Quendale G. Simmons (P77896)
BUTZEL LONG PC
201 W. Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 258-1616
decker@butzel.com
simmonsq@butzel.com
Attorneys for Plaintiff

---

## VERIFIED COMPLAINT
## FOR INJUNCTIVE AND OTHER RELIEF

      Plaintiff Boutique Stogies LLC ("Boutique Stogies" or "Plaintiff"), by and

through its attorneys, Butzel Long PC, for its Verified Complaint for Injunctive and

Other Relief against Defendant Highbury Mozambique Lda ("Highbury"),

Defendant Kamal Moukheiber ("Mr. Moukheiber"), Defendant Nosakhere Kamau ("Mr. Kamau"), Defendant Mali Venture Partners LLC ("Mali Venture"), Defendant David Blanco ("Mr. Blanco"), and Defendant Los Blanco Cigar Company Inc. ("Blanco Cigar") (Highbury, Mr. Moukheiber, Mr. Kamau, Mali Venture, Mr. Blanco, and Blanco Cigar shall hereinafter be referred to collectively as "Defendants"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Boutique Stogies is a duly organized and existing Michigan limited liability company that has its registered office located at 33 Bloomfield Hills Parkway, Suite 125, Bloomfield Hills, MI 48304, and whose member are all citizens of the State of Michigan.

2.     Highbury is, upon information and belief, a duly organized and existing Mozambique entity that has its registered office located at Rua Romao Farinha, 75 – Maputo, 1100 Mozambique.

3.     Mr. Moukheiber is, upon information and belief, an individual that resides at and/or conducts business from Rua Romao Farinha, 75 – Maputo, 1100 Mozambique.[1]

---

[1] Upon information and belief, Mr. Moukheiber may also reside in Switzerland.  If so, it does not affect this Court's diversity jurisdiction.

4. Mr. Kamau is, upon information and belief, an individual that resides at and/or conducts business from 4830 West Kennedy Boulevard, Suite 600, Tampa, FL 33617 and/or 5412 Fountain Park Boulevard, Temple Terrace, FL 33617.

5. Mali Venture is, upon information and belief, a duly organized and existing Florida limited liability company that has its principal place of business located at 4830 West Kennedy Boulevard, Suite 600, Tampa, FL 33617 and/or 5412 Fountain Park Boulevard, Temple Terrace, FL 33617, and whose members are all citizens of the states other than the State of Michigan.

6. Mr. Blanco is, upon information and belief, an individual that resides at and/or conducts business from 10860 76th Court North, Unit A, Seminole, FL 33777.

7. Blanco Cigar is, upon information and belief, a duly organized and existing Florida corporation that has its principal place of business located at 10860 76th Court North, Unit A, Seminole, FL 33777.

8. Jurisdiction is proper in this Court under 28 USC § 1332 because the claim(s) and/or matter(s) in controversy or at issue (i.e., presented) in this case exceeds the sum or value of $75,000.00 and involves citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.  See 28 USC § 1332(a)

9.     Venue is proper in this judicial district under 28 USC § 1391 because a substantial part of the events or omissions giving rise to the claim(s) and/or matter(s) in controversy or at issue (i.e., presented) in this case occurred in this judicial district. See 28 USC § 1391(b)(2).  Venue is also proper in this judicial district because Highbury consented to venue in this judicial district since the Exclusive Importation and Distribution Agreement at issue in this case, in pertinent part, provides:[2]

18.     **GOVERNING LAW, JURISDICTION, VENUE**. …Each of the Parties submits to the exclusive jurisdiction of the…federal courts in the Eastern District of Michigan…

## GENERAL ALLEGATIONS

10.     On August 26, 2020, Highbury and Boutique Stogies entered into an Exclusive Importation and Distribution Agreement relative to Highbury exporting cigars and related products to Boutique Stogies.  **Exhibit A**.

11.     On December 24, 2021, Highbury and Boutique Stogies executed an Addendum to Exclusive Importation and Distribution Agreement.  **Exhibit B**.

12.     The Exclusive Importation and Distribution Agreement and the Addendum to Exclusive Importation and Distribution Agreement (collectively, the "Agreement") provide Boutique Stogies with certain exclusive importation rights:

2.     **IMPORT RIGHTS:** Bongani[3] hereby appoints Boutique as its exclusive Importation Agent with exclusive rights to import in the territory

---

[2] A copy of the Exclusive Importation and Distribution Agreement is attached as **Exhibit A** hereto.

[3] In the Agreement, Highbury is referred to as "Bongani."

called in this Agreement the "United States Market" with respect to the Cigar, including all related and successor products developed during the Term of this Agreement (collectively the "Products"), for wholesale distribution to distributors identified by Bongani. The United States Market SPECIFICALLY includes the fifty (50) states of the United States of America, the District of Columbia, and all commonwealths and territories of the United States of America.

13.    The Agreement provides Boutique Stogies with certain exclusive

distribution rights:

**3.    DISTRIBUTION RIGHTS:** Bongani hereby appoints Boutique as its exclusive Sales and Distribution Representative for the distribution of the Cigars and/or Products to any Customers whatsoever in the territory called in this Agreement the Distribution Territory. The Distribution Territory SPECIFICALLY includes the states of Michigan, Ohio, Illinois, Indiana, Kentucky, Tennessee, Pennsylvania, Arizona, Nevada, and Florida, and shall include any national franchise tobacco incorporated in or with its headquarters in the State of Michigan.

14.    The term of the Agreement is five (5) years from the date of execution

and at the conclusion of the first term, the Agreement shall automatically renew for

an additional five (5) year period unless either party notifies the other in writing not

more than six (6) months nor later than thirty (30) days prior to expiration of the

term of the Agreement of its intention not to renew the Agreement.

15.    The Agreement requires that:

**9.    REFERALS:** Bongani shall refer to Boutique all inquiries from customers and prospective customers, whether for import, wholesale or retail distribution, with respect to the Products within the United States Market…Boutique shall not sell to any customer or distributor outside of the Distribution Market other than those distributors identified as approved by Bongani. In the event Bongani fails to refer any import or sales inquiries within the United States Market to Bongani and Bongani sells Products to any

Customer in the United States Market other than through Boutique during the term of this Agreement, Bongani shall owe damages to Boutique. Damages shall be the spread between the amount Bongani received on the sale of the Products from the Customer less the amount Boutique would have paid Bongani for the Products sold. Boutique shall be entitled to seek equitable relief in the event Bongani fails to make appropriate referrals to Boutique or attempts to sell directly to distributors within the territory of the United States Market.

16.     The Agreement further requires that:

> **11.**   …Bongani shall use its best efforts to fulfill and deliver orders place [sic] by Boutique in a timely fashion...

## HIGHBURY'S AND/OR MR. MOUKHEIBER'S BREACHES OF THE AGREEMENT AND/OR VIOLATIONS OF BOUTIQUE STOGIES' RIGHTS UNDER THE AGREEMENT OR LAW

17.     On January 21, 2023, Mr. Moukheiber, the sole owner of Highbury, informed Boutique Stogies that Highbury and/or Mr. Moukheiber were setting up a company based in Tampa, Florida, as the importer and distributor of and/or for the purpose of importing and distributing Bongani Cigars in the United States. **Exhibit C**.

18.     Upon information and belief, Highbury and/or Mr. Moukheiber subsequently incorporated a company in the United States.

19.     Since Mr. Moukheiber is the sole owner of Highbury, Mr. Moukheiber is essentially, if not actually, Highbury and Highbury is essentially, if not actually, Mr. Moukheiber (i.e., Mr. Moukheiber and Highbury are essentially, if not actually, one in the same).

20.     Since Mr. Moukheiber is the sole owner of Highbury, Mr. Moukheiber's actions and inactions are essentially, if not actually, Highbury's actions and inactions and Highbury's actions and inactions are essentially, if not actually, Mr. Moukheiber's actions and inactions (i.e., Mr. Moukheiber's actions and inactions and Highbury's actions and inactions are essentially, if not actually, one in the same), in particular, the actions and inactions of Highbury and/or Mr. Moukheiber set forth in this Verified Complaint; the same holds true with respect to (a) Mr. Kamau and Mali Venture and those defendants' respective actions and inactions and vice versa and (b) Mr. Blanco and Blanco Cigar and those defendants' respective actions and inactions and vice versa.

21.     Upon information and belief, Highbury and/or Mr. Moukheiber is directly or indirectly working with The Retail Tobacco Products Dealer, Mr. Kamau and/or Mali Venture, and Mr. Blanco and/or Blanco Cigar to import and distribute Bongani products (i.e., Bongani cigars) into and/or in and through the United States.

22.     Highbury and/or Mr. Moukheiber has failed to consistently provide timely delivery of Bongani products to Boutique Stogies.  For example, Boutique Stogies placed an order for Bongani products with Highbury and/or Mr. Moukheiber on April 6, 2022 and timely paid for them on April 12, 2022.  However, Highbury and/or Mr. Moukheiber only delivered a partial shipment of the products in December 2022—some eight (8) months after the order was placed and the payment

was received.  To date, Highbury and/or Mr. Moukheiber has failed to fulfill this order and has been unresponsive in responding to repeated inquiries regarding the same.  Upon information and belief, Highbury and/or Mr. Moukheiber possess the products to fulfill this order and other orders that Boutique Stogies has placed with Highbury and/or Mr. Moukheiber, but Highbury and/or Mr. Moukheiber fail to fulfill these orders, meaning Highbury and/or Mr. Moukheiber are intentionally failing to fulfill these orders.  **Exhibit D**.

23.    Through its above-mentioned actions and inactions, Highbury and/or Mr. Moukheiber has breached the Agreement.

24.    Highbury's and/or Mr. Moukheiber's breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law and the harm and damage suffered by Boutique Stogies from those breaches and/or violations have been facilitated, perpetuated, committed, and/or caused (or the like) by Highbury and/or Mr. Moukheiber.

25.    On January 30, 2023, Boutique Stogies (through counsel) sent a letter to Highbury and/or Mr. Moukheiber, demanding, among other things, that Highbury and/or Mr. Moukheiber: (i) immediately cease and desist from incorporating a company based in Tampa, Florida as the importer and distributor of and/or for the purpose of importing and distributing Bongani products into and/or in and through the United States and comply with its obligations to Boutique Stogies under the

8

Agreement moving forward; (ii) provide an itemized list of every single action that it, he, and/or they have taken to set up a company(ies) based in Tampa, Florida or elsewhere as the importer and distributor of Bongani products in the United States and/or for the purpose of importing and distributing Bongani products and provide the name of any said company(ies) and details about its registration, incorporation, and operation; and (iii) advise whether it, he, and/or they have imported or distributed any Bongani products into and/or in and through the United States through any company(ies) other than Boutique Stogies and identify any said company(ies) and the revenue associated with the import(s) and/or distribution(s) of Bongani products.  **Exhibit E.**

26.    On February 1, 2023, Highbury and/or Mr. Moukheiber responded (through counsel) and, among other things, (i) denied breaching the Agreement; (ii) admitted to incorporating a company in the United States; (iii) demanded that Boutique Stogies take certain actions not required by the Agreement or law; (iv) claimed that Boutique Stogies breached the Agreement; and (v) failed to provide any documents or assurances requested in the correspondence that Boutique Stogies sent Highbury and/or Mr. Moukheiber on January 30, 2023.  **Exhibit F.**

27.    On February 9, 2023, Boutique Stogies (through counsel) replied to Highbury's and/or Mr. Moukheiber's response and advised Highbury and/or Mr. Moukheiber that the  response to the correspondence that Boutique Stogies sent

Highbury and/or Mr. Moukheiber on January 30, 2023 was woefully inaccurate and did not comport with the Agreement. The reply (i) demanded again that Highbury and/or Mr. Moukheiber provide the documents and assurances previously requested by Boutique Stogies and (ii) identified a number of issues that Boutique Stogies had experienced with Highbury and/or Mr. Moukheiber during the term of the Agreement. **Exhibit G**.

28. On February 16, 2023, Highbury and/or Mr. Moukheiber responded (through counsel) by unjustifiably requesting a termination of the Agreement for cause. **Exhibit H**.

29. On March 6, 2023, Highbury and/or Mr. Moukheiber wrongfully or improperly terminated the Agreement and/or terminated the Agreement not in accordance with the terms of the Agreement. **Exhibit I**.

30. Highbury's and/or Mr. Moukheiber's actions and inactions, representations and misrepresentations, failure to provide the assurances and documents requested by Boutique Stogies, and numerous breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law, to date, necessitated this lawsuit.

31. Boutique Stogies has learned, by and through investigation, that Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigars have acted wrongfully or improperly toward Boutique Stogies.

32.    Upon information and belief, Mr. Kamau is the Managing Partner of Mali Venture.

33.    Upon information and belief, Mr. Blanco is the President of Blanco Cigar.

34.    Boutique Stogies and Mali Venture are parties to a Vendor Agreement dated April 23, 2021.  Mr. Kamau executed the Vendor Agreement on behalf of Mali Venture.  **Exhibit J**.

35.    The Vendor Agreement states that "Boutique Stogies, LLC is the exclusive importer of the Bongani Cigar brand in the United States, the first True African Cigar." *Id*.

36.    Despite having knowledge of Boutique Stogies' exclusive importation rights of the Bongani Cigar brand in the United States, Mr. Kamau and/or Mali Venture are wrongfully or improperly assisting Highbury and/or Mr. Moukheiber with importing Bongani products into and/or in and through the United States without the inclusion of Boutique Stogies and/or against (i.e., contrary to) the rights of Boutique Stogies.

37.    On April 25, 2023, Boutique Stogies (through counsel) sent a letter to Mr. Kamau and/or Mali Venture demanding, among other things, that Mr. Kamau and/or Mali Venture: (i) immediately cease and desist from the wrongful conduct

and (ii) immediately confirm that he, it,  and/or they have and will cease and desist from the wrongful conduct.  **Exhibit K**.

38.     On April 26, 2023, Mr. Kamau and/or Mali Venture responded, but failed to unequivocally indicate compliance with Boutique Stogies' demand to cease and desist from the wrongful conduct described in Boutique Stogies' April 25, 2023 letter to Mr. Kamau and/or Mali Venture.  **Exhibit L**.

39.     Through the above-mentioned actions, among others, Mr. Kamau and/or Mali Venture are facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentionally interfering with the Agreement, and/or interfering with or violating Boutique Stogies' rights under the Agreement or law.

40.     Mr. Blanco and/or Blanco Cigar is wrongfully or improperly assisting Highbury and/or Mr. Moukheiber with importing Bongani products into and/or in and through the United States without the inclusion of Boutique Stogies and/or against (i.e., contrary to) the rights of Boutique Stogies.

41.     Mr. Blanco and/or Blanco Cigars has been identified as a "distributor for Bongani Cigars," but Boutique Stogies has not provided Mr. Blanco and/or Blanco Cigar with any Bongani Cigars to distribute.

42.     Mr. Blanco and/or Blanco Cigars have wrongfully or improperly received Bongani products for distribution from a source other than Boutique Stogies in violation of the Agreement.

43.     On April 26, 2023, Boutique Stogies (through counsel) sent a letter to Mr. Blanco and/or Blanco Cigar demanding, among other things, that Mr. Blanco and/or Blanco Cigar: (i) immediately cease and desist from the wrongful conduct and (ii) immediately confirm that he, it, and/or they have and will cease and desist from the wrongful conduct. **Exhibit M**.

44.     To date, Mr. Blanco and/or Blanco Cigar have not responded to Boutique Stogies' April 26, 2023 letter to Mr. Blanco and/or Blanco Cigar.

45.     Through the above-mentioned actions, among others, Mr. Blanco and/or Blanco Cigar are facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentionally interfering with the Agreement, and/or interfering with or violating Boutique Stogies' rights under the Agreement or law.

**COUNT I**
**INJUNCTIVE RELIEF**
**(AS TO HIGHBURY AND MR. MOUKHEIBER)**

46.     Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

13

47.    Highbury's and/or Mr. Moukheiber's above-mentioned actions and inactions, including, without limitation, Highbury and/or Mr. Moukheiber incorporating a company in the United States as the importer and distributor of and/or for the purpose of importing and distributing Bongani products into and/or in and through the United States, Highbury and/or Mr. Moukheiber directly or indirectly working with The Retail Tobacco Products Dealer, Mr. Kamau and/or Mali Venture, and Mr. Blanco and/or Blanco Cigar to import and distribute Bongani products into and/or in and through the United States, and Highbury and/or Mr. Moukheiber failing to consistently provide timely delivery of Bongani products to Boutique Stogies, constitute breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law.

48.    Boutique Stogies has demonstrated a likelihood of success on the merits of its substantive claims for relief.

49.    As a result of Highbury's and/or Mr. Moukheiber's above-mentioned actions and inactions, Boutique Stogies has been irreparably harmed and damaged and there is immediate and imminent danger that Boutique Stogies will continue to suffer irreparable harm and damage for which there is no adequate remedy at law, including, without limitation, the potential incalculable damages from the loss of its competitive edge, the loss of goodwill with its customers, and present and future economic loss.

14

50.    Unless Highbury and/or Mr. Moukheiber is immediately enjoined, Boutique Stogies has and will continue to be irreparably harmed and damaged by, without limitation, Highbury and/or Mr. Moukheiber incorporating a company in the United States as the importer and distributor of and/or for the purpose of importing and distributing Bongani products into and/or in and through the United States, Highbury and/or Mr. Moukheiber directly or indirectly working with The Retail Tobacco Products Dealer, Mr. Kamau and/or Mali Venture, and Mr. Blanco and/or Blanco Cigar to import and distribute Bongani products into and/or in and through the United States, Highbury and/or Mr. Moukheiber failing to consistently provide timely delivery of Bongani products to Boutique Stogies, and failing to refer to Boutique Stogies all inquiries from customers and prospective customers, whether for import, wholesale, or retail distribution with respect to Bongani products.

51.    Boutique Stogies is, therefore, entitled to preliminary and permanent injunctive relief against further breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law by Highbury and Mr. Moukheiber, as well as recovery of its attorneys' fees and costs as provided under the Agreement or by law.

52.    Highbury's and/or Mr. Moukheiber's breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law have irreparably

harmed and damaged Boutique Stogies in an amount that is not currently calculable (and may never be fully calculable), but exceeds $75,000.00.

53.    Highbury's and/or Mr. Moukheiber's breaches of the Agreement and/or violations of Boutique Stogies' rights under the Agreement or law continue to irreparably harm and damage Boutique Stogies.

## COUNT II
## TORTIOUS INTEFERENCE WITH CONTRACTS
## (AS TO HIGHBURY AND MR. MOUKHEIBER)

54.    Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

55.    Boutique Stogies has and/or had existing contractual relationships with Mr. Kamau and/or Mali Venture, as well as and/or perhaps others.

56.    Highbury and/or Mr. Moukheiber were aware of and/or had knowledge of the existing contractual relationships between Boutique Stogies and Mr. Kamau and/or Mali Venture, as well as and/or perhaps others.

57.    Highbury and/or Mr. Moukheiber had a duty not to interfere with the existing contractual relationships between Boutique Stogies and Mr. Kamau and/or Mali Venture, as well as and/or perhaps others.

58.    Highbury and/or Mr. Moukheiber have unjustifiably and intentionally interfered, either directly or indirectly, with the existing contractual relationships

between Boutique Stogies and Mr. Kamau and/or Mali Venture, as well as and/or perhaps others.

59.    Highbury and/or Mr. Moukheiber have unjustifiably and intentionally induced and/or caused, either directly or indirectly, Mr. Kamau and/or Mali Venture, as well as and/or perhaps others, to breach, disrupt, or terminate (or the like) the existing contractual relationships between Boutique Stogies and Mr. Kamau and/or Mali Venture, as well as and/or perhaps others.

60.    Highbury's and/or Mr. Moukheiber's direct or indirect actions were unjustified, intentional, willful, wanton, and malicious in nature.

61.    Highbury's and/or Mr. Moukheiber's direct or indirect actions were intended to cause harm to Boutique Stogies.

62.    As a result of Highbury's and/or Mr. Moukheiber's direct or indirect actions, Boutique Stogies has been harmed and damaged in an amount in excess of $75,000.00.

63.    Boutique Stogies continues to be harmed by Highbury's and/or Mr. Moukheiber's direct or indirect actions.

64.    Boutique Stogies is entitled to recover compensatory, exemplary, and/or other damages from Highbury and/or Mr. Moukheiber as a result of Highbury's and/or Mr. Moukheiber's direct or indirect actions.

17

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(AS TO HIGHBURY AND MR. MOUKHEIBER)**

65.     Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

66.     Boutique Stogies has and/or had existing and/or prospective business relationships with Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, Casa de Montecristo Cigar, as well as and/or perhaps others.

67.     Highbury and/or Mr. Moukheiber were aware of and/or had knowledge of the existing and/or prospective business relationships between Boutique Stogies and Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

68.     Highbury and/or Mr. Moukheiber had a duty not to interfere with the existing and/or prospective business relationships between Boutique Stogies and Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

69.     Highbury and/or Moukheiber have unjustifiably and intentionally interfered, either directly or indirectly, with the existing and/or prospective business relationships between Boutique Stogies and Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

18

70.     Highbury and/or Mr. Moukheiber have unjustifiably and intentionally induced and/or caused, either directly or indirectly, Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others, to breach, disrupt, or terminate (or the like) the existing and/or prospective business relationships between Boutique Stogies and Mr. Kamau, Mali Venture, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

71.     Highbury's and/or Mr. Moukheiber's direct or indirect actions were unjustified, intentional, willful, wanton, and malicious in nature.

72.     Highbury's and/or Mr. Moukheiber's direct or indirect actions were intended to cause harm to Boutique Stogies.

73.     As a result of Highbury's and/or Mr. Moukheiber's direct or indirect actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

74.     Boutique Stogies continues to be harmed and damaged by Highbury's and/or Mr. Moukheiber's direct or indirect actions.

75.     Boutique Stogies is entitled to recover compensatory, exemplary, and/or other damages from Highbury as a result of Highbury's and/or Mr. Moukheiber's direct or indirect actions.

## COUNT IV
## UNFAIR COMPETITION
## (AS TO HIGHBURY AND MR. MOUKHEIBER)

76.     Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

77.     Highbury and/or Mr. Moukheiber have unfairly competed with Boutique Stogies by, without limitation, incorporating a company in the United States as the importer and distributor of and/or for the purpose of importing and distributing Bongani products into and/or in and through the United States, directly or indirectly working with The Retail Tobacco Products Dealer, Mr. Kamau, and/or Mali Venture to import and distribute Bongani products into and/or in and through the United States, failing to consistently provide timely delivery of Bongani products to Boutique Stogies, and failing to refer to Boutique Stogies all inquiries from customers and prospective customers, whether for import, wholesale, or retail distribution with respect to Bongani products.

78.     Highbury's and/or Mr. Moukheiber's above-mentioned actions are unfair and unconscionable and run contrary to fair and ethical business practices and in violation of law.

79.     As a result of Highbury's and/or Mr. Moukheiber's above-mentioned actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

20

80.    Boutique Stogies continues to be harmed and damaged by Highbury's and/or Mr. Moukheiber's above-mentioned actions.

## COUNT V
## UNJUST ENRICHMENT
## <u>(AS TO HIGHBURY AND MR. MOUKHEIBER)</u>

81.    Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

82.    Highbury and/or Mr. Moukheiber have benefitted from its, his, and/or their above-mentioned improper and wrongful actions against Boutique Stogies.

83.    Highbury and/or Mr. Moukheiber will be unjustly enriched to Boutique Stogies' detriment if it, he, and/or they are permitted to benefit and/or retain the benefit conferred upon it, he, and/or they by its, his, and/or their above-mentioned improper and wrongful actions against Boutique Stogies.

84.    As a result of Highbury's and/or Mr. Moukheiber above-mentioned improper and wrongful actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

85.    Boutique Stogies continues to be harmed and damaged by Highbury's and/or Mr. Moukheiber's above-mentioned improper and wrongful actions.

86.    Boutique Stogies pleads this count in the alternative in the event that this Court determines Boutique Stogies does not have an adequate remedy at law.

**COUNT VI**
**INJUNCTIVE RELIEF**
**(AS TO MR. KAMAU, MALI VENTURE, MR. BLANCO,**
**AND BLANCO CIGAR)**

87.    Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

88.    Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned actions and inactions, including, without limitation, improperly assisting Highbury and/or Mr. Moukheiber with importing and distributing Bongani products into and/or in and through the United States without the inclusion of Boutique Stogies, constitute (i) tortious interference of the Agreement, (ii) tortious interference with business relationships, and/or (iii) violations of Boutique Stogies' rights under the Agreement or law.

89.    Boutique Stogies has demonstrated a likelihood of success on the merits of its substantive claims for relief.

90.    As a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned actions and inactions, Boutique Stogies has been irreparably harmed and damaged and there is immediate and imminent danger that Boutique Stogies will continue to suffer irreparable harm and damage for which there is no adequate remedy at law, including, without limitation, the potential incalculable damages from the loss of its competitive edge, the loss of goodwill with its customers, and present and future economic loss.

22

91.     Unless Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar are immediately enjoined, Boutique Stogies has and will continue to be irreparably harmed and damaged by, without limitation, Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentionally interfering with the Agreement, intentionally interfering with Boutique Stogies' business relationships, and/or interfering with or violating Boutique Stogies' rights under the Agreement or law.

92.     Boutique Stogies is, therefore, entitled to preliminary and permanent injunctive relief against further interference with the Agreement, further interference with business relationships, and/or violations of Boutique Stogies' rights under the Agreement or law by Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar, as well as recovery of its attorneys' fees and costs as provided under the Agreement or by law.

93.     Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's facilitation (or the like) of Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentional interference with the Agreement, intentional interference with business relationships, and/or interference with or violation of Boutique Stogies' rights under the Agreement or law have irreparably harmed and damaged

Boutique Stogies in an amount that is not currently calculable (and may never be fully calculable), but exceeds $75,000.00.

94.     Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's facilitation (or the like) of Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentional interference with the Agreement, interference with business relationships, and/or interference with or violation of Boutique Stogies' rights under the Agreement continue to irreparably harm and damage Boutique Stogies.

## COUNT VII
## TORTIOUS INTEFERENCE WITH CONTRACTS
## (AS TO MR. KAMAU, MALI VENTURE, MR. BLANCO, AND BLANCO CIGAR)

95.     Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

96.     Boutique Stogies has and/or had existing contractual relationships with Highbury and/or Mr. Moukheiber, as well as and/or perhaps others.

97.     Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar were aware of and/or had knowledge of the existing contractual relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, as well as and/or perhaps others.

98.     Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar had a duty not to interfere with the existing contractual relationships between

24

Boutique Stogies and Highbury and/or Mr. Moukheiber, as well as and/or perhaps others.

99.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have unjustifiably and intentionally interfered, either directly or indirectly, with the existing contractual relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, as well as and/or perhaps others.

100.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have unjustifiably and intentionally induced and/or caused, either directly or indirectly, Highbury and/or Mr. Moukheiber, as well as and/or perhaps others, to breach, disrupt, or terminate (or the like) the existing contractual relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, as well as and/or perhaps others.

101.   Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions were unjustified, intentional, willful, wanton, and malicious in nature.

102.   Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions were intended to cause harm to Boutique Stogies.

103.   As a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions, Boutique Stogies has been harmed and damaged in an amount in excess of $75,000.00.

104.   Boutique Stogies continues to be harmed by Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions.

105.   Boutique Stogies is entitled to recover compensatory, exemplary, and/or other damages from Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar as a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
## (AS TO MR. KAMAU, MALI VENTURE, MR. BLANCO, AND BLANCO CIGAR)

106.   Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

107.   Boutique Stogies has and/or had existing and/or prospective business relationships with Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

108.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar were aware of and/or had knowledge of the existing and/or prospective business relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

109.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar had a duty not to interfere with the existing and/or prospective business relationships

between Boutique Stogies and Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

110.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have unjustifiably and intentionally interfered, either directly or indirectly, with the existing and/or prospective business relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

111.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have unjustifiably and intentionally induced and/or caused, either directly or indirectly, Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others, to breach, disrupt, or terminate (or the like) the existing and/or prospective business relationships between Boutique Stogies and Highbury and/or Mr. Moukheiber, Bob Lutz, Wild Bill's Tobacco, and Casa de Montecristo Cigar, as well as and/or perhaps others.

112.   Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions were unjustified, intentional, willful, wanton, and malicious in nature.

113.   Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions were intended to cause harm to Boutique Stogies.

114.   As a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

115.   Boutique Stogies continues to be harmed and damaged by Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions.

116.   Boutique Stogies is entitled to recover compensatory, exemplary, and/or other damages from Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's direct or indirect actions.

**COUNT IX**
**UNFAIR COMPETITION**
**(AS TO MR. KAMAU, MALI VENTURE, MR. BLANCO,**
**AND BLANCO CIGAR)**

117.   Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

118.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have unfairly competed with Boutique Stogies by, without limitation, facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentionally interfering with the Agreement, interfering with business relationships, and/or interfering with or violating Boutique Stogies' rights under the Agreement.

119.   Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned actions are unfair and unconscionable and run contrary to fair and ethical business practices and in violation of law.

120.   As a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

121.   Boutique Stogies continues to be harmed and damaged by Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned actions.

**COUNT X**
**UNJUST ENRICHMENT**
**(AS TO MR. KAMAU, MALI VENTURE, MR. BLANCO,**
**AND BLANCO CIGAR)**

122.   Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

123.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar have benefitted from its, his, and/or their above-mentioned improper and wrongful actions against Boutique Stogies.

124.   Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar will be unjustly enriched to Boutique Stogies' detriment if it, he, and/or they are permitted to benefit and/or retain the benefit conferred upon it, he, and/or they by

its, his, and/or their above-mentioned improper and wrongful actions against Boutique Stogies.

125.   As a result of Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned improper and wrongful actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

126.   Boutique Stogies continues to be harmed and damaged by Mr. Kamau's and/or Mali Venture's and Mr. Blanco's and/or Blanco Cigar's above-mentioned improper and wrongful actions.

127.   Boutique Stogies pleads this count in the alternative in the event that this Court determines Boutique Stogies does not have an adequate remedy at law.

**COUNT XI**
**BREACH OF CONTRACT**
**(AS TO HIGHBURY)**

128.   Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

129.   The Agreement entered into by Boutique Stogies and Highbury is a valid, binding, and enforceable contract.

130.   Under the Agreement, among other things, (i) Boutique Stogies is the exclusive Importation Agent with exclusive right to import in the fifty (50) states of the United States of America, the District of Columbia, and all other commonwealths

and territories of the United States of America with respect to Bongani Cigars and related products during the term of the Agreement; (ii) Boutique Stogies is the exclusive Sales and Distribution Representative for the distribution of Bongani Cigars and related products to any customer in ten (10) states (including Florida); and (iii) Bongani shall refer to Boutique Stogies all inquiries from customers and prospective customers, whether for import, wholesale, or retail distribution with respect to Bongani Cigars.

131.   Highbury has breached the Agreement by, without limitation, incorporating a company in the United States as the importer and distributor of and/or for the purpose of importing and distributing Bongani Cigars in the United States, directly or indirectly working with The Retail Tobacco Products Dealer, Mr. Kamau, and/or Mali Venture to import and distribute Bongani Cigars in the United States, failing to consistently provide timely delivery of Bongani products to Boutique Stogies, failing to refer to Boutique Stogies all inquiries from customers and prospective customers, whether for import, wholesale, or retail distribution with respect to Bongani Cigars, and improperly terminating the Agreement and/or terminating the Agreement not in accordance with the terms of the Agreement.

132.   As a result of Highbury's breaches of the Agreement, Boutique Stogies has suffered irreparable injury, including the loss of its competitive edge, customer

goodwill, and fair competition, in an amount in excess of $75,000.00, exclusive of costs and attorneys' fees and costs.

133.   Highbury's breaches of the Agreement continue to harm and damage Boutique Stogies.

**COUNT XII**
**CONSPIRACY**
**(AS TO ALL DEFENDANTS)**

134.   Boutique Stogies incorporates each and every allegation of this Verified Complaint as though the same were fully set forth herein.

135.   Defendants have acted in concert in, without limitation, (i) importing and distributing Bongani Cigars in the United States without the inclusion of Boutique Stogies and/or against (i.e., contrary to) the rights of Boutique Stogies, (ii) directly or indirectly working with each other, as well as and/or perhaps others, to unjustifiably and intentionally interfere, either directly or indirectly, with the existing and/or prospective business relationships between Boutique Stogies and others, and (iii) directly or indirectly working with each other, as well as and/or perhaps others, to breach the Agreement and/or violate Boutique Stogies' rights under the Agreement for their benefit.

136.   Defendants' above-mentioned concerted actions violate Boutique Stogies' rights under the Agreement and are otherwise unlawful.

137.   Defendants knew or should have known that their above-mentioned concerted actions violated Boutique Stogies' rights under the Agreement and were otherwise unlawful.

138.   As a result of the Defendants' above-mentioned concerted actions, Boutique Stogies has been harmed and damaged, to date, in an amount in excess of $75,000.00.

139.   Boutique Stogies continues to be harmed and damaged by the Defendants' above-mentioned concerted actions.

## **REQUEST FOR RELIEF**

WHEREFORE, Boutique Stogies respectfully requests that this Court grant appropriate injunctive relief to it and (i) enjoin Highbury and/or Mr. Moukheiber from breaching the Agreement and/or violating Boutique Stogies' rights under the Agreement or law and (ii) enjoin Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar from facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement, intentionally interfering with the Agreement, intentionally interfering with Boutique Stogies' business relationships, and/or interfering with or violating Boutique Stogies' rights under the Agreement or law. Specifically, Boutique Stogies requests that this Court enter the following injunctive relief:

1. Enjoin Highbury and/or Mr. Moukheiber by ordering Highbury and/or Mr. Moukheiber to fully comply with all terms and provisions of the

Agreement and/or not violate Boutique Stogies' rights under the Agreement or law; and

2. Enjoin Highbury and/or Mr. Moukheiber from, directly or indirectly:

   a. forming, managing, owning, or operating (or the like) or in any way assisting in the formation, management, ownership, or operation (or the like) of any company in the United States (other than Boutique Stogies) as the importer and distributor of and/or for the purpose of importing and distributing Bongani products into and/or in and through the United States;

   b. working with or in any way assisting The Retail Tobacco Products Dealer, Mr. Kamau and/or Mali Venture, and Mr. Blanco and/or Blanco Cigar to import and distribute Bongani products into and/or in and through the United States;

   c. interfering with Boutique Stogies' existing and prospective contracts, contractual relationships and opportunities, and business relationships and opportunities; and

   d. otherwise breaching any of Highbury's obligations under the Agreement and/or violating any of Boutiques Stogies' rights under the Agreement or law.

3. Enjoin Mr. Kamau and/or Mali Venture and Mr. Blanco and/or Blanco Cigar from, directly or indirectly:

   a. interfering with or violating Boutique Stogies' rights under the Agreement;

   b. working with or in any way assisting Highbury and/or Mr. Moukheiber to import and distribute Bongani products into and/or in and through the United States;

   c. facilitating (or the like) Highbury's and/or Mr. Moukheiber's breach of the Agreement; and

d. otherwise violating any of Boutiques Stogies' rights under the Agreement or law.

Additionally, Boutique Stogies respectfully requests that this Court:

A. Enter a judgment in favor of Boutique Stogies and against Highbury and/or Mr. Moukheiber, Mr. Kamau and/or Mali Venture, and Mr. Blanco and/or Blanco Cigar in an amount in excess of $75,000.00;

B. Grant Boutique Stogies' costs and reasonable attorneys' fees and costs; and

C. Grant any other or further relief to Boutique Stogies that this Court deems appropriate under the circumstances, including, but not limited to, costs, reasonable attorneys' fees and costs, and compensatory, exemplary, and/or other damages.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

By: /s/ *Michael C. Decker*
      Michael C. Decker (P75374)
      Quendale G. Simmons (P77896)
      201 W. Big Beaver Road, Suite 1200
      Troy, MI 48084
      (248) 258-1616
      decker@butzel.com
      simmonsq@butzel.com
      *Attorneys for Plaintiff*

Dated: May 17, 2023

## VERIFICATION OF MATTHEW BRIMER

STATE OF MICHIGAN      )
                             ) ss

COUNTY OF OAKLAND     )

I, Matthew Brimer, having first been duly sworn, depose and state that I am the Owner of Boutique Stogies LLC; that I have read the foregoing Verified Complaint and know its contents; and that the facts and statements set forth in the foregoing Verified Complaint are true and accurate, except for the matters stated in the foregoing Verified Complaint to be upon information and belief, to the best of my knowledge, information, and belief.

**BOUTIQUE STOGIES LLC**

By: _Matt_ _____

Its: _Manager_ _____

Subscribed and sworn to before me on May _17_ , 2023

_____
Notary Public

_Lapeer_ _____ County, Michigan
My commission expires: _8/29/2027_
Acting in the County of _Oakland_ , Michigan

PATRICIA LEE CLELAND
NOTARY PUBLIC, STATE OF MI
COUNTY OF LAPEER
MY COMMISSION EXPIRES Aug 29, 2027
ACTING IN COUNTY OF _Oakland_